RUTH M. POLLACK, ESQ.
250 OLD COUNTRY ROAD, SUITE 506
MINEOLA, NY 11501
Tel. 631-727-6787
Fax. 631-284-3316

All Mail to:   ECF Document: _____
**1288 West Main Street**
**P.O. Box 120**
**Riverhead, NY 11901-0120**

August 11, 2006

<u>Via Courtesy Copy and ECF</u>
Hon. Magistrate Judge William D. Wall
United States District Court
Eastern District of New York
Federal Court House
100 Federal Plaza
Central Islip, New York 11


Re:  Macaluso v. Key Span Energy, et al.
        <u>Docket No. cv-05-0823</u>

Dear Magistrate Wall:

We represent plaintiff.   This is plaintiff's answer to defendant's motion for a default judgment dated August 2, 2006.  It is filed via ECF slightly after close of business due to our having to contact the ECF Clerk to "reset" our login code so that we could use the ECF system.

Counsel to Keyspan, Mr. John Hastings, is disingenuous in his letter motion. He advised this Court at the last conference of July 11, 2006 that he would be away on vacation for the last two weeks of July.  We did not, and would not, object to his vacation.  His vacation did, however, impact our ability to set new dates with him for depositions of both his clients and Plaintiff to our prejudice, given the discovery cut off date of August 31, 2006.   Before the instant motion, he never called me to meet and confer with me, choosing, instead, to make the instant motion, immediately upon his return on August 2, 2006. This threshold failure violated Local Civ. R. §37.3 (a), (c) and 3(A)(i) of this Court's Chamber's Rules.  To date, he wholly failed to enumerate what specifically plaintiff has purportedly failed to do. <u>Id</u>.   This application was not needed at all.  I have been available all year, have not left for vacation and have provided my cell number to both counsel. My client has been extremely cooperative with counsel.

It is false that "[t] his matter arises from the termination of Andrea Macaluso...." [Hastings' Letter Motion[1] Para. 1]. This is a case, not a "matter" and my client was reinstated to her job after arbitration. Her complaint speaks to several additional causes of action, which continue to date, such as a hostile work environment and retaliation. I have personally communicated this continuing problem to counsel Hastings and Scott.

It is false that plaintiff failed to comply with this Court's Order of July 11, 2006. [Hastings' LM at Para.2] She appeared at her deposition and cooperated fully. She has provided all materials demanded except those raised for the first time at her deposition. Defendant cannot move to compel –and he has not here—without specifying what it is he believes is not responsive or not provided. His letter wholly fails to advise either the Court or me as to what it is he seeks except, of course, a "default judgment". [Hastings' LM at Para. 1 and last paragraph.]

## DEPOSITIONS

Plaintiff appeared for a full day deposition on July 7, 2006 from 10: 12 am to 5:26 p.m. This is because Mr. Hastings insisted that the Court order provided that she appear "**on** July 7, 2006" as opposed to the clear order "by July 7, 2006".  This date was selected by Mr. Hastings after I repeatedly advised both Mr. Hastings and his co-counsel Philip Scott of the many weeks she would be available before and including July 7, provided that he give her the requisite advance notice, as required by her employer, Keyspan Energy, that she would be absent from work, to no avail. I also advised counsel that Ms. Macaluso was available at almost any time since at least May 4, 2006, the date of her reinstatement order, two months before her return to her former job, to no avail.

Defendants, waiting until the last minute, insisted upon July 7. They also chose to make the selection of a date difficult. I personally addressed each call from Mr. Hastings and called him to obtain dates.  We never evaded him and have nothing to hide. Defendants also suggested, we trusted, in good faith, that we agree to postpone all depositions and discovery until after the lengthy arbitration which restored plaintiff to her job "immediately" as of May 4, 2006, the date of the order.  [Hastings' letter motion Para. 3 and 4].   It appears this was an insincere delay tactic, not countenanced by the Fed. R. Civ. P. or Local Civil Rule requiring cooperation among counsel. Mr. Hastings had Ms. Parrish-Brown in attendance at the deposition and she could have been available in his absence, as could have Mr. Scott. Plaintiff was not contacted to return to work for weeks after the order required defendants to do so.

## DISCOVERY DEMANDS

In any event, as of June 21, 2006, Plaintiff had produced all discovery responses relative to defendants' requests as ordered by this Court on June 13, 2006.  This included both her verified response to defendant's First Set of Interrogatories and First and Second Demand for Production of Documents by Defendants.  Copies of our responses will be sent to the

---

[1] Hereinafter "LM".

Court if that is required. My cover letter dated June 21, 2006 is annexed hereto as Exhibit "A".

The only documents remaining in our possession responsive to defendants' demands in any way are those items which counsel requested at the July 7, 2006 deposition. I just received a transcript of her deposition from him on August 3, 2006, which contains these requests. These requests are for items either not previously demanded or not previously in existence. I have sent a copy to counsel of each and every item except those few items we cannot legally reproduce under copyright law such as the pornography tape given by Mr. Van Gulden to plaintiff. That has been known to defendants and available for examination since 2004 when it was discussed in the State Division of Human Rights. It is still available. Counsel also has a copy of the items demanded at the depositions, which are in our possession. My client is seeking to obtain the few remaining items and will promptly give them to me.

In accordance with this Court's June 13, 2006 Order (Doc. 14), on June 21, 2006, I served all demanded disclosure to counsel as per my discussions with him about my trial schedules and realistic dates I could meet. I met the date. Until my trials were complete, I could not predict or set a date certain in May that satisfied Mr. Hastings. [Hastings' LM, P. 2, Para 2 and 3].

Mr. Hastings' June 26, 2006 letter was self-serving, as I had served all discovery requested at that time. [Hastings' LM P. 2, Para. 3]. I had no dates available the week before he left for vacation because of my conference and deposition schedule. This motion came without a single call to me from Mr. Hastings. With the exception of August 3, 7,8 and 9 due to a Section 913 exam, a hearing and two depositions in Albany, have been ready willing and able to complete Ms. Macaluso's deposition and reachable at all times.

Mr. Hastings has not been available until now to discuss dates for his "continuation" of plaintiff's deposition or my requests. I have since served him with notices for dates certain, which I hope, will be honored. My client is now away on vacation for two weeks and I must await her return.

I do not have time for games or wasted time. We seek to reach the merits of this case. Fed. R. Civ. P. 37(b)(2)(C) and 37 (d) all contemplate harm to a party. None is stated. It contemplates failure. None is demonstrated, as plaintiff did not fail to comply with the court order as to information demanded of her as of that time. No willful failure has been shown, as there has been none. The Court must order that which is "just" and "a default judgment" whatever defendant means by it, is not among the sanctions appropriate here under Fed. R. Civ. P. 37(a). *See also* Federal Civil Practice, at 339-342. (Vairo, G., Ed. in Chief, NYSBA 2004). Counsel has not annexed a single document to his application to clarify what it is he still seeks, but makes blanket claims.

The latest order required that we comply with " all outstanding discovery demands…."

3

As of that date, we did not have a copy of defendants "Second Demand for Discovery of Documents" purportedly served on July 10, 2006.  Thus, I could not comment on it at that time.  I do not believe that the Court's Order of July 11, 2006 could have encompassed that demand which was not before it or me. [Hastings' LM PO. 2 at Para. 5.]

Still, I have now served copies of all materials in my possession including a copy of a portion of the Keyspan Website, my client's personal diary, the Help Line of Keyspan, and all new e-mails from June 2006. These were requested at the deposition, a copy of which my client and I now have for review of the requests made therein. We have provided more than we have been asked to provide and will continue to update our responses as material comes into existence.  With all due respect, that is not a sanctionable act. Defendants' application must be denied as **moot.** I anticipate that plaintiff will now have to move to compel disclosure of materials due her.

For the above reasons, plaintiff respectfully requests that this application be denied as improperly made and moot, together with such other and further relief as this Court deems just and proper.

Respectfully,

 /s/

Ruth M. Pollack (RP1407)
RMP:  lb
Cc:  Mr. J. Hastings, Esq.   by ECF and Overnight Delivery