UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANDREA MACALUSO,

                                          Plaintiff,

                 -against-                         **MEMORANDUM OF DECISION AND ORDER**

KEYSPAN ENERGY and its subsidiaries,      05 CV 0823 (ADS) (WDW)
and EDWARD VANGULDEN, in his
individual and official capacities,

                                       Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**LAW OFFICE OF RUTH M. POLLACK**
Attorneys for the Plaintiff
P.O. Box 120
1288 West Main Street
Riverhead, NY 11901
       By:    Ruth M. Pollack, Esq., Of Counsel

**CULLEN AND DYKMAN, LLP**
Attorneys for the Defendants
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
       By:    James G. Ryan, Esq., Of Counsel

**SPATT, District Judge.**

       Currently pending before the Court are appeals by the Plaintiff Andrea Macaluso ("Macaluso" or the "Plaintiff") from two orders (the "Orders") issued by United States Magistrate Judge William D. Wall.

Although the Court assumes the parties are familiar with the lengthy procedural background of this case, in the interests of clarity, the Court will restate the pertinent history.

## I. BACKGROUND

**A. Factual Background and Procedural History**

On February 10, 2005, the Plaintiff commenced this employment discrimination action against Keyspan Energy ("Keyspan") and Edward Vangulden ("Vangulden") (collectively the "Defendants"), alleging that the Defendants discriminated against her on the basis of her sex and sexually harassed her in violation of federal and state law.

Throughout 2005 and 2006, the parties engaged in discovery, and a review of the docket sheet reveals motions for extensions of the discovery deadline and discovery disputes between the parties. Also, there were various motions by the Defendants to compel the Plaintiff to respond to the Defendants' discovery requests. Specifically, on May 30, 2006, the Defendants moved to compel the Plaintiff to respond to interrogatories and document requests. Judge Wall granted the unopposed motion. Again, on August 2, 2006, the Defendants filed a letter informing the Court that the Plaintiff still had not responded to the Defendants' discovery requests. Thereafter, on August 30, 2006, the Defendants moved to dismiss the complaint for failure to comply with the Court's Orders and failure to prosecute. Judge Wall denied

the motion to dismiss and ordered the Plaintiff to respond to the Defendants' discovery requests, noting that a conference was scheduled on September 12, 2006, to further resolve issues. On September 12, 2006, the Plaintiff's counsel failed to appear at the scheduled status conference.

On October 6, 2006 and October 10, 2006, the Defendants again moved to dismiss the complaint and for sanctions. Thereafter, on October 27, 2006, the Defendants filed an amended motion, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37, to dismiss the complaint as a result of the Plaintiff's failure to respond to discovery requests; failure to appear at a scheduled conference; and failure to prosecute the case. The Plaintiff failed to timely respond to the Defendants' motion to dismiss and the Court denied the Plaintiff's untimely motion for an extension of time to file a response. Thereafter, despite the Plaintiff's failure to oppose the motion to dismiss the complaint, in a January 18, 2007 Order, the Court, *sua sponte*, granted the Plaintiff an extension of time until February 9, 2007, to oppose the Defendants' motion.

On January 29, 2007, more than three months after the filing of the Defendants' motion, the Plaintiff, again moved for an extension of time to respond to the motion and, by letter, requested an appeal to this Court from Judge Wall's January 18, 2007 Order. Judge Wall denied the motion for an extension of time, noting that he had already set a deadline of February 9, 2007 for the Plaintiff to respond to the

motion to dismiss. Although the Plaintiff attempted to appeal Judge Wall's Order to this Court, the Plaintiff was informed that the appeal would not be accepted as it was filed in violation of this Court's Individual Motion Practices because this Court does not accept letter motions.

On February 9, 2007, and again on February 12, 2007, the Plaintiff filed additional letters to Judge Wall requesting an extension of time to oppose the Defendants' October 2006 motion to dismiss. On March 6, 2007, the Plaintiff filed a letter to Judge Wall stating that she had become aware of a conflict of interest in this case and requesting a stay of activity and additional time to brief the issue. On March 8, 2007, Judge Wall denied the Plaintiff's request for a stay.

On March 9, 2007, the Plaintiff's attorney filed a motion with Judge Wall seeking his recusal. The Plaintiff claimed that Judge Wall was biased in favor of the Defendants because he attended the same law school as one of Keyspan's attorneys; had defended corporations when he practiced law; and is active in community service in the Rockville Center community, as is Keyspan's attorney, James G. Ryan. Among other things, the Plaintiff contended that Judge Wall's Orders contain "grammatical errors" and were filled with "false statements."

In opposition to the Plaintiff's motion, the Defendants' counsel affirmed that they were not aware that Judge Wall had attended the same law school as counsel,

James G. Ryan, and that the Plaintiff's motion was "nonsensical." The Defendants further requested that the Court impose sanctions on the Plaintiff's counsel.

**B.      Magistrate Judge Wall's April 3, 2007 Order**

On April 3, 2007, Judge Wall denied the Plaintiff's motion for his recusal; denied the Defendants' motion to dismiss the complaint; and granted the Defendants' motion for monetary sanctions. In a comprehensive forty-three page Order, Judge Wall reviewed the history of the Plaintiff's numerous late filings; her motions for extensions of time; and her persistent failures to respond to discovery requests. Judge Wall noted that he set forth such a "detailed history to illustrate the breadth of Ms. Pollack's failure to comply with orders and meet deadlines in this action."

However, notwithstanding the Plaintiff's counsel's many serious discovery failures, Judge Wall denied the Defendants' motion to dismiss the complaint and held that the action is trial ready. Judge Wall noted that "the court has no reason to believe that Ms. Macaluso has contributed" to her counsel's negligence. Judge Wall ordered Ms. Pollack to pay reasonable expenses incurred by the Defendants, including attorneys' fees and costs in connection with the Defendants': (1) May 30, 2006 motion to compel; (2) August 2, 2006 letter motion; (3) August 30, 2006 letter motion to compel; (4) appearance in Court on September 12, 2007 when Plaintiff's counsel failed to appear; (5) October 10, 2006 motion to dismiss and request for sanctions; (6) October 27, 2006 Rule 37 motion; and (7) application for expenses and costs. The

Court directed Keyspan to submit an application for attorneys' fees and costs by April 17, 2007. The Court further directed the Plaintiff to file opposition papers by May 1, 2007, and the Defendants to file a reply by May 15, 2007.

In addition, Judge Wall denied the Plaintiff's motion for his recusal. In a thorough discussion of the recusal issue, Judge Wall determined that the Plaintiff's motion for recusal was legally insufficient, frivolous and irrational. Judge Wall further noted that although Ms. Pollack accused him of representing corporations in practice, he did not practice in the same area of the law as defense counsel. He further stated that the only connection he has to defense counsel, James G. Ryan, is his appearances before the Court in this case and possibly, other matters. Also, although they may have attended the same law school, according to defense counsel's affidavit, they attended the school eight years apart.

On April 18, 2007, the Plaintiff filed an appeal to this Court from Judge Wall's Order. On April 27, 2007, the Plaintiff filed an amended appeal. The Plaintiff notes that she is appealing from both Judge Wall's January 18, 2007 and April 3, 2007 Orders. She seeks recusal of Judge Wall; reversal of Judge Wall's award of sanctions; and various forms of discovery relief, none of which are addressed in the Orders from which the Plaintiff appeals.

In a twenty-five page appeal brief, the Plaintiff's counsel makes irrational and bizarre claims regarding Judge Wall. Among other things, she unjustifiably and

inappropriately attacks Judge Wall's honesty, stating "[d]oes the Court have no interest in honesty." She contends that the Court is biased and that she was forced to hire a "neurolinguistics" expert to review the Court's Orders because the Orders are being used to "stymie plaintiff." Further, the Plaintiff accuses Judge Wall of attempting to "vilify the plaintiff's counsel." The Plaintiff's brief is filled with odd questions and accusations, such as the Plaintiff's claim that the Orders at issue were not drafted by Judge Wall. She further claims that the Orders had numerous authors "some of them were not qualified to write it, and did so poorly." She further accuses Judge Wall of allowing a first year law student to draft Orders and disparages the Court's grammar.

In opposition to the Plaintiff's appeal, the Defendants' counsel express concern regarding the Plaintiff's counsel's bizarre and unprofessional conduct, noting that Ms. Macaluso may not be aware of the extent of Ms. Pollack's actions. The Defendants note that, although the Plaintiff's motion is phrased as an appeal, it is actually an objection to Judge Wall's Orders, and is therefore, untimely. The Defendants further contend that Judge Wall's Orders are appropriate.

On April 17, 2007, pursuant to Judge Wall's April 3, 2007 Order, the Defendants filed an application for attorneys' fees, including records of the time spent on the various motions, application and appearances. On May 2, 2007, Judge Wall granted the Defendants' application and ordered the Plaintiff's counsel to pay the

Defendants' attorneys' fees in the sum of $14,292.60. Judge Wall noted that, although the Plaintiff had been ordered to submit opposition papers on this issue by May 1, 2007, the Defendants' application for fees was not opposed. Judge Wall reviewed the Defendants' time records and determined that the time spent by the Defendants in drafting various motions and attending a Court conference, as well as the hourly billable rate of $249, were reasonable. Judge Wall further noted that the Defendants waived reimbursement for fees incurred in the preparation of their May 30, 2006 motion and August 2, 2006 letter motion. On May 2, 2007, the Plaintiff submitted untimely opposition papers to the Defendants' application for fees.

## II. DISCUSSION

### A.  As To The Standard of Review

Fed. R. Civ. P. 72 and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provides the standard for district court review of a federal magistrate judge's order. When this Court reviews a magistrate judge's determination of a nondispositive matter, this Court may overrule the magistrate judge's decision where it is clearly erroneous or contrary to law. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("A magistrate, however, may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the 'clearly erroneous or contrary to law' standard"); Rubin v. Valicenti Advisory Servs., No. 03-CV-6201L, 2007 U.S. Dist. LEXIS 5454, *6-7 (W.D.N.Y. Jan. 26, 2007)

("The primary distinction between objections made pursuant [to] Rule 72(a) [governing nondispositive matters] and Rule 72(b) [governing dispositive motions] lies in the standard of review applied by the district court. Under Rule 72(a), a magistrate judge's decision can be vacated only if it is clearly erroneous or contrary to law, whereas Rule 72(b) applies a de novo review standard to objections to a magistrate judge's report and recommendation"); In re Comverse Tech., Inc., No. 06-CV-1849, 2006 U.S. Dist. LEXIS 88312, at *9 (E.D.N.Y. Dec. 5, 2006).

"Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (internal citations omitted). In fact, magistrate judges have broad discretion to resolve nondispositive matters. In re Comverse Tech., Inc. Derivative Litig., No. 06-CV-1849, 2006 U.S. Dist. LEXIS 88261, at *7 (E.D.N.Y. Dec. 6, 2006).

The Plaintiff appeals from the denial of the motion for recusal and the award of monetary sanctions. The Plaintiff does not appeal from any dispositive ruling. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation . . . Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders

usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard"); Kampfer ex rel. Kampfer v. Gokey, No. 94-CV-0201, 1995 U.S. Dist. LEXIS 299, at *5 (N.D.N.Y. Jan. 9, 1995) ("the magistrate judge was ruling upon non-dispositive pretrial motions, i.e., recusal").

As such, this Court will review the Orders at issue under the clearly erroneous standard.

**B.     As To The Timeliness of the Plaintiff's Appeals**

Pursuant to Rule IV.H of this Court's Individual Motion Practices, "[a]ll objections from Magistrate Judge decisions must be served and filed within ten days from the date of service of the decision, unless otherwise directed by the Magistrate Judge."

On April 18, 2007, the Plaintiff filed the current appeals from Judge Wall's Orders dated January 18, 2007 and April 3, 2007. However, pursuant to this Court's Individual Motion Practices, the appeals are untimely. The Plaintiff had until February 1, 2007 to appeal Judge Wall's January 18, 2007 Order. As a result, that appeal is untimely.

Although the Plaintiff filed a letter appeal on January 29, 2007, this Court rejected the letter and informed the Plaintiff that the letter would not be accepted as it violated this Court's Individual Motion Practices because this Court does not accept

letter motions. Despite this Court's statement that "the Plaintiff may refile the motion upon compliance," the Plaintiff was not granted an extension of time. As such, the appeal of Judge Wall's January 18, 2007 Order is dismissed.

In addition, the Plaintiff had until April 17, 2007, to appeal Judge Wall's April 3, 2007 Order. However, the Plaintiff did not file the appeal until April 18, 2007. As a result, this appeal is also untimely. In addition, on April 27, 2007, without permission from this Court, the Plaintiff filed an amended appeal of Judge Wall's Orders. That appeal is also untimely.

Accordingly, the Plaintiff's appeals of Judge Wall's January 18, 2007 and April 3, 2007 Orders are denied as untimely.

**C.     As To The Merits**

Although the Plaintiff's appeals are untimely, because of the nature of the arguments presented by the Plaintiff's counsel, this Court believes it is necessary to briefly discuss the merits of the appeals. In a lengthy brief filed on April 18, 2007, and then again, in an additional amended version of the brief filed on April 27, 2007, the Plaintiff's counsel sets forth completely inappropriate and baseless claims regarding the recusal of Judge Wall. In a reckless manner, the Plaintiff not only questioned Judge Wall's competence, but she also raised issues as to his honesty and integrity without any factual basis or justification whatsoever.

"Under both 28 U.S.C. §§ 144 and 455(b)(1), a judge shall recuse himself from a pending matter where a party sufficiently demonstrates that the judge has an actual 'personal bias or prejudice' against a party. The source of the bias or prejudice must normally be based on extrajudicial conduct." Mazzei v. Money Store, Nos. 01 Civ. 5694, 03 Civ. 2876, 2007 U.S. Dist. LEXIS 27351, at *2 (S.D.N.Y. Apr. 12, 2007) (citing Apple v. Jewish Hosp. and Med. Center, 829 F.2d 326, 333 (2d Cir. 1987)). "[A] Court must recuse itself where 'an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal.'" Id. at *3 (citing U.S. v. Lovaglia, 954 F. 2d 811, 815 (2d Cir. 1992)).

Although the Plaintiff's counsel has the right to request recusal of a judge that she believes is in some way biased or prejudiced against the Plaintiff, these bizarre claims are totally without merit. The Plaintiff claims that Judge Wall is biased because he, at one time, defended corporations in the practice of law; attended the same law school as defense counsel Ryan; and performed community service in the same town as defense counsel. The Plaintiff's request for recusal on these grounds is wholly without any justification. There is no evidence that, based on any of these innocuous grounds, Judge Wall is biased. Further, reviewing these facts, a disinterested observer would never question Judge Wall's impartiality.

Equally without any merit whatsoever, the Plaintiff's remaining allegations criticize Judge Wall's writing style and grammar, and accuse him of either writing like a first year law student or allowing a law student to draft the Orders at issue. The Plaintiff's claims are so completely inappropriate, unjustified and shocking, that this Court is compelled to mention them, despite their untimeliness. Ms. Pollack's appeal demonstrates her lack of respect for Judge Wall and her attempt to place blame on him for her failings. There is absolutely no excuse or justification for these unwarranted critiques of a highly competent, able and respected United States Magistrate Judge.

Moreover, a review of the docket sheet reveals that Ms. Pollack can only blame herself for the increased discovery and related litigation in this case. Throughout the case, she has continually failed to respond to discovery requests and motions. The Defendants moved to dismiss the complaint on October 6, 10 and 27, 2006. Although Judge Wall denied the motions to dismiss on April 3, 2007, over the course of the seven months during which the motion was pending, Ms. Pollack never filed a response.

Accordingly, in addition to untimeliness, for the record, Ms. Pollack's appeal of the denial of her motion to recuse Judge Wall is denied in its entirety on the merits.

**D.     As to the Award of Monetary Sanctions**

Ms. Pollack also appeals from Judge Wall's award of monetary sanctions to the Defendants. As previously noted, this appeal is also untimely. However, again for

the record, on the merits, "[m]onetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." Thomas E. Hoar, Inc., 900 F.2d at 525.

Judge Wall's award of monetary sanctions is not clearly erroneous or contrary to the law. Judge Wall ordered the Plaintiff to pay the Defendants' attorneys' fees and costs related to the Defendants' filing of various motions to compel and motions to dismiss, as well as the Defendants' cost of appearing at a conference which Ms. Pollack failed to attend. The Plaintiff failed to timely oppose the Defendants' application for fees.

Judge Wall reviewed the time records submitted by the Defendants and noted that the Defendants waived reimbursement for fees they incurred in preparing their May 30, 2006 motion to compel and their August 2, 2006 letter motion. In addition, Judge Wall determined that the $249 hourly rate requested by the Defendants is reasonable. In recent years, the rate that is considered reasonable in this district has increased to $250. See Cioffi v. New York Cmty. Bank, 465 F. Supp. 2d 202, 207 (E.D.N.Y. 2006) ($250 for sole practitioner) (Spatt, J.); LaBarbera v. J.E.T. Resources, Inc., 396 F. Supp. 2d 346, 353 (E.D.N.Y. 2005) ($250 for partners); Pinner v. Budget, 336 F. Supp. 2d 217 (E.D.N.Y.2004) ($250); Separ v. Nassau County, 327

F. Supp. 2d 187 (E.D.N.Y. 2004) ($250); Irish v. City of New York, No. 98 Civ. 713, Civ. 9614, 2004 WL 444544 (S.D.N.Y. Mar. 10, 2004) ($250).

Accordingly, this Court adopts and confirms Judge Wall's award of sanctions.

**E.     As to the Plaintiff's Request to Continue Discovery**

Although, Ms. Pollack also requests that she be permitted to conduct depositions and various other discovery relief, the Orders from which she appeals do not discuss these issues. The Court again notes that the parties have engaged in discovery since 2005. Judge Wall has deemed the case trial ready and this Court adopts Judge Wall's finding and denies the relief requested by the Plaintiff.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that United States Magistrate Judge Wall's Orders are adopted in their entirety; and it is further

**ORDERED**, that the Plaintiff's appeals of Judge Wall's January 18, 2007 and April 3, 2007 Orders are **DENIED**; and it is further

**ORDERED**, that the Plaintiff's counsel is directed to pay to the Defendants' counsel the sum of $14,292.60 within thirty (30) days from the date of this Order; and it is further

**ORDERED**, that the parties are directed to appear in courtroom 1020 on May 16, 2007 at 9 am for a pretrial conference.

**SO ORDERED.**

Dated: Central Islip, New York
       May 7, 2007

                                                 */s/ Arthur D. Spatt*
                                                 ARTHUR D. SPATT
                                            United States District Judge